STRINGER, Judge.
Leroy Harris seeks review of his judgment and sentence for grand theft. We affirm Harris’ conviction and prison sentence without comment. Because the trial court erred in refusing to grant a restitution hearing, we reverse the restitution order and remand for a restitution hearing.
After the jury returned its guilty verdict and the court imposed a prison sentence, the State asked the court to impose a lien for restitution. The defense asked for a restitution hearing because there was no amount proven, but the court declined the request. The court noted that the charge was grand theft of $300 to $5000 and said that the best the court could do was impose the maximum amount charged. In accordance with its ruling, the court entered a restitution order imposing $5000 as a lien.
Harris correctly argues, and the State concedes, that the trial court erred in refusing to grant a restitution hearing. Section 775.089(7), Florida Statutes (2001), requires the State to prove the victim’s loss by a preponderance of the evidence to support the entry of a restitution order. While the State presented sufficient evidence at trial to prove that Harris committed grand theft of items valued between $300 and $5000 as charged, the State did not present sufficient evidence to establish the victim’s loss in terms of a dollar amount. Accordingly, we reverse and remand for a restitution hearing.
Affirmed in part; reversed in part; and remanded.
KELLY and WALLACE, JJ., Concur.